WILLIAM W. VAN KEUREN, as Executor, etc., of RACHEL VAN KEUREN, Deceased, Appellant, *v.* PETER E. VAN KEUREN, Respondent.

*Decision of the Special Term on conflicting affidavits, not disturbed on appeal.*

Upon a motion made by the plaintiff in an action to add to and correct the judgment roll therein, the plaintiff's affidavit tended to show that the defendant, upon the granting of a nonsuit, in open court waived all claims except as provided in the will of the plaintiff's testatrix. The minutes of the court and extracts from the stenographer's minutes also tended to show such a waiver.

The defendant's affidavit alleged that the minutes of the court did not contain all that took place at the trial; that the waiver he made was only of the demands set up in the answer, and not of the cause of action for the enforcement of which a prior suit of his against the plaintiff's testatrix and another had been brought. The motion was denied.

*Held,* that the General Term would not disturb the conclusion reached by the Special Term on conflicting affidavits.

APPEAL by the plaintiff, William W. Van Keuren, as executor, etc., of Rachel Van Keuren, deceased, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Ulster on the 11th day of March, 1895, denying the plaintiff's motion to correct the judgment roll in the action.

*O. P. Carpenter* and *D. M. De Witt*, for the appellant.

*G. R. Adams*, for the respondent.

PUTNAM, P. J.:

The affidavits submitted to the court below were conflicting. Those read by the plaintiff tended to show that defendant, on the trial in the County Court, on the motion for a nonsuit being granted, in open court, waived *all* claims except as provided in the will of deceased. The minutes of the court and extracts from the stenographer's minutes also tended to show such a waiver.

But defendant claimed that the minutes of the court did not contain all that took place on the trial. That the waiver he made was only of the demands *set up in the answer*, and not of the cause of action for which the suit of Peter E. Van Keuren against Rachel Van Keuren and another had been brought. In his affidavit for defendant Mr. Adams says, in reference to the waiver made at the time the motion for a nonsuit was granted : " That deponent expressly stated to the court, when the nonsuit was granted, that the defendant, by asking for the nonsuit, did waive the claims in the answer in the action, and the nonsuit would have the effect of a waiver, as there was a bar by Statute of Limitations for the commencement of a new action thereon.

" That deponent did not, by word or act, consent or say that the defendant waived anything, or claims further than as above stated, and did not intend to waive any other cause of action."

The court below probably relied upon the statement of the transaction in court, when the complaint was dismissed, made by Mr. Adams. Such statement was the more probable one. It was probable that on granting the motion for a nonsuit the learned county judge should suggest a waiver by defendant of his counterclaims set up in the answer. It would have been an unusual proceeding for the judge, as a condition of dismissing the complaint, to require the defendant to waive claims not set up in the pleadings.

We see no reason for overruling the conclusion reached by the court below on the conflicting affidavits.

The order should be affirmed, with ten dollars costs and disbursements.

HERRICK, J., concurred; MAYHAM, P. J., not acting.

Order affirmed, with ten dollars costs and disbursements.